**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

QUANTUM SYSTEMS INTEGRATORS, INC.,

    Plaintiff,

    v.

SPRINT NEXTEL CORPORATION,

    Defendant.
_____/

No. C 05-4095 PJH

**ORDER GRANTING MOTION TO TRANSFER**

Defendant's motion to transfer this action pursuant to 28 U.S.C. § 1404(a) came on for hearing before this court on January 18, 2006. Plaintiff appeared by its counsel Joseph L. Strabala, and defendant appeared by its counsel Scott Feldman. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion as follows

**BACKGROUND**

This is a case alleging copyright infringement and conspiracy to defraud by replicating software and by illegal use of software keys. Plaintiff Quantum Systems, Integrators, Inc. ("Quantum") Quantum is a Nevada corporation with its principal place of business in Costa Mesa, California. Defendant Sprint Nextel Corporation ("Sprint Nextel") is a Kansas corporation with its principal place of business in Reston, Virginia. Sprint Nextel was formed as the result of the merger of Sprint Corporation with Nextel Communications, Inc. ("Nextel"), which was a Delaware corporation with its principal place of business in Reston or McLean, Virginia, but also having a place of business in Oakland,

California. Sprint Nextel presently maintains the Oakland facility previously operated by Nextel. Quantum has sued Sprint Nextel in this action as the successor-in-interest to Nextel.

Quantum is the owner of a number of registered U.S. copyrights, which it previously licensed to Nextel. Quantum claims that Nextel installed additional unlicensed versions of the software, thereby infringing Quantum's copyrights. Quantum also asserts that Nextel employees reverse engineered Quantum's software, and generated new software based in part on that reverse engineering. Quantum alleges in addition that it provided Nextel with "global keys" to be used to unlock Quantum's software for the licensed sites, and that Nextel employees used those keys to install illegal versions of Quantum's software on unlicensed Nextel sites.

Sprint now seeks an order transferring the case to the Eastern District of Virginia, pursuant to 28 U.S.C. § 1404(a), for the convenience of parties and witnesses.

## DISCUSSION

A.  Legal Standard

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under this provision, the district court has discretion to adjudicate motions to transfer based on an individualized, case-by-case consideration of convenience and fairness. Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988), cited in Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).

Although § 1404(a) lists three factors – convenience of parties, convenience of witnesses, and the interest of justice – rulings in motions brought under § 1404(a) can involve a number of other considerations. The court can consider the relative ease of access to proof, the reach of subpoena power to secure witness attendance, the feasibility of consolidation with an action pending elsewhere, the state that is most familiar with the governing state law, the relative means of the parties, the relative docket congestion, the

2

plaintiff's choice of forum, the respective parties' contacts with the forum, the contacts relating to the plaintiff's cause of action in the chosen forum, and the differences in the cost of litigation in the two forums.  See Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2005) § 4:269, et seq.; see also Jones, 211 F.3d at 498.

B.    Defendant's Motion

Sprint Nextel argues that all the relevant factors favor transfer to the Eastern District of Virginia.  As an initial matter, Sprint Nextel asserts that the action "might have been brought" in the Eastern District of Virginia, because Quantum and Sprint Nextel both do business in Virginia, and because Sprint Nextel resides in that district and most of the alleged events or omissions occurred there.  Thus, Sprint Nextel contends, the court has discretion to transfer the case, assuming that transfer would be for the convenience of parties and witnesses and in the interest of justice.

Sprint Nextel contends that the convenience of parties and witnesses warrants transfer, for the following reasons.  First, Sprint Nextel asserts that the operative facts occurred in Virginia, as Nextel's Northern Virginia employees negotiated and executed the software licensing agreement with Quantum, and Nextel managed its installation of the software at issue predominately from its Northern Virginia facilities.

Second, Sprint Nextel claims that the majority of the parties and witnesses are in Virginia.  Sprint Nextel asserts that of the five witnesses identified in the complaint (Doug Smith, Thomas Smith, Steven Thomas, Donovan Mitchell, and Chris Janicki), four are former Nextel employees and/or current Sprint Nextel employees who reside and/or work in Virginia.  According to Sprint Nextel, Doug Smith, Thomas Smith, and Steven Thomas are all residents of Virginia, and those three plus Donovan Mitchell all work for Sprint Nextel's headquarters in Reston, Virginia.  Sprint Nextel states although Chris Janicki no longer lives in Virginia, he does work in Cambridge Massachusetts, which is closer to Virginia than to California.  Sprint Nextel also asserts that because its engineering group in Northern Virginia is responsible for the majority of its network engineering and operations, and because Nextel managed the software installations predominately from its Northern Virginia

facilities, more of Sprint Nextel's witnesses are located in Virginia.

Sprint Nextel also contends that there is also better access to sources of proof – such as documents, computers, and other electronic equipment – in Virginia than in California. Sprint Nextel acknowledges that it would be possible to ship or mail documents to California for trial, but argues that it would be markedly easier to obtain those documents if the trial were held in Virginia. For example, Sprint Nextel asserts that the majority of physical records that may exist concerning Nextel's management of the installations of the software at issue would be maintained at Nextel's network engineering facilities in Northern Virginia, because Nextel managed the installation predominately from its Northern Virginia facilities.

Finally, Sprint Nextel argues that other factors favor transfer of the action to Virginia. Sprint Nextel claims that practical considerations (making trial easy, expeditious, and inexpensive) favor transfer, because nearly all the material witnesses and sources of proof are located in or near the Eastern District of Virginia. Sprint Nextel asserts in addition that the docket in the Northern District of California is more congested than the docket in the Eastern District of Virginia.

Sprint Nextel contends that the district court Virginia would be more familiar with Virginia state law than a district court in California. Although the main cause of action alleged in the complaint is a federal claim for copyright infringement, Sprint Nextel asserts that the licensing agreement at issue in the case serves as a basis for one of its main defenses to the copyright infringement claim – that Nextel had a right to unlimited internal use of all versions of the software (a state law claim governed by Virginia law) – and that other issues relating to Virginia law are likely to arise in the case.

Sprint Nextel submits that the selection of jurors from a community with some genuine interest in the litigation is also a factor favoring transfer. In a related argument, Sprint Nextel claims that there is a lack of nexus between this case and the Northern District of California, and argues that the Eastern District of Virginia has a substantial interest in regulating the parties and activities involved here. Sprint Nextel submits further

that the relative ease of enforceability of a judgment, if obtained, favors transfer to Virginia.

Sprint Nextel asserts that the value of plaintiff Quantum's choice of forum is minimal in this case, as Quantum is not a resident of the Northern District of California. Sprint Nextel claims that Quantum chose to file in this district as part of an exercise in forum-shopping, and argues that its choice should therefore be accorded little deference.

Quantum opposes the motion, arguing that venue is proper in this district because Sprint Nextel has a center in Oakland and is therefore "found" here; that when venue is proper, clear and convincing evidence of a more convenient forum is required; that Sprint Nextel's evidence supporting its request for transfer is flawed and incompetent; that Quantum's choice of venue is supported by competent evidence; that copyright infringement actions are likely to be decided on motion based on the evidence, rather than in a trial; that Quantum does not oppose transfer to the Central District of California if Sprint Nextel operates a center in that district comparable to its Oakland center; that financial equities favor this forum over Virginia; and that Quantum's contacts with California are extensive, entitling it to adjudication here.

Quantum argues that venue is proper here because Sprint Nextel is found here, and that personal jurisdiction is proper here because the parties have engaged in various business dealings here. Quantum claims that when it first had dealings with Nextel in 1994, the company was based in Lafayette, California; and that even after Nextel moved to Virginia, it operated a network center in Oakland, and nearly all of Quantum's face-to-face contacts with Nextel employees were not in the state of Virginia. Quantum claims that its own contacts with Virginia are extremely attenuated.

Quantum claims that § 1404(a) allows only a discretionary transfer of venue, and asserts that the moving party must meet is burden of showing that the relevant factors strongly favor transfer. Quantum claims that most of the evidence provided by Sprint Nextel in support of its motion is incompetent and inadmissible and has filed evidentiary objections. Quantum contends that because of these asserted evidentiary flaws, Sprint Nextel actually has no evidence to support its motion.

5

Quantum also argues that the motion should be denied because Sprint Nextel has not met its burden of showing what the expected testimony of these key witnesses will be, and because there is no claim that the witnesses would be inconvenienced by having to attend a trial in this district. Quantum claims that the Sprint Nextel personnel can travel to Sprint Nextel's operations center in Oakland, a facility near this court.

Quantum contends that its choice of forum should be given weight, claiming that it picked this particular district because Sprint Nextel has a network operations center here, where Quantum can run a software audit to determine the existence of infringing installations of its software by Sprint Nextel nationwide. Quantum is also willing to have the case transferred to the Central District of California, if Sprint Nextel has an equivalent network operations center within that district.

Quantum asserts that California is where the most pervasive copyright infringement occurred, and also contends that Quantum's contacts with California are extensive. In his declaration, Jon Strabala ("Strabala"), who has been an officer of Quantum since its formation in February 2004, details Quantum's contacts with the state of California and with Nextel in California prior to the merger with Sprint. For example, Strabala asserts that Quantum personnel wrote and developed all the software at issue in California; that Nextel took delivery of the software in California from Quantum's website; and that all the records, files, and data concerning this software are in California, along with all records of e-mail communications between Quantum personnel and Nextel and Sprint Nextel personnel. Quantum notes, by contrast, that Sprint Nextel never addresses exactly what records might be found in Virginia.

With regard to the claim that the Virginia court is better able to adjudicate a case involving issues of Virginia law, Quantum responds that the copyright infringement claim in this case is the center of the case, and that Virginia law is irrelevant to that cause of action.

Quantum also contends that the issue of copyright infringement will likely be determined on motion, and that the Virginia "rocket docket" will thus be of no more assistance to Sprint Nextel in speeding this case along than will the scheduling of this

6

court.

Quantum argues in addition that the equities of size favor Quantum's choice of forum, noting that Sprint Nextel has a market cap exceeding $70 billion, while Quantum is presently has only two full-time employees. Quantum asserts that with nearly all the records located in California, and the majority of records of copyright infringement located outside Virginia, it would place an undue burden on Quantum to force it to travel to Virginia to make it more convenient for a few "corporate types" there.

In reply, Sprint Nextel argues that Quantum has misstated the applicable standard, noting that the issue with regard to "where it might have been brought" is not whether jurisdiction and venue are proper in this court, but whether jurisdiction and venue are proper in the transferee court. Sprint Nextel contends that Quantum has not rebutted Sprint Nextel's argument that jurisdiction and venue are proper in the Eastern District of Virginia. Sprint also contends that Quantum is wrong in asserting that the moving party must meet a "clear and convincing" evidentiary standard, noting that Quantum's supporting authority is a Texas district court, while the proper standard in the Ninth Circuit is a lesser showing (which still must be "strong") of "inconvenience."

Sprint Nextel argues that Quantum's choice of forum should be accorded little weight, as Quantum has apparently engaged in forum shopping. Sprint Nextel asserts that Quantum's asserted justification for choosing this district is pretextual, as Quantum has no right to install computer programs on Sprint Nextel's network. Sprint Nextel contends that Quantum has admitted that its software has a built-in autonomous reporting feature, which notifies Quantum of the date, time, version, and the unit IP number of any installation of its software. Thus, Sprint Nextel asserts, Quantum has already passively collected this information, and has no need to physically invade Sprint Nextel's network operations center to perform any diagnostics or audits. Sprint Nextel claims that Quantum's real reason for wanting the case heard in this district is the convenience of its counsel – which should not be a factor in the court's decision.

With regard to the issue of convenience of parties and witnesses, Sprint Nextel

contends that Quantum's evidence does not tip the balance in favor of this forum, but rather supports transfer. For example, Sprint Nextel notes Quantum's claim that only 18.56 per cent of the alleged infringements occurred in California, and argues that there is therefore no justification for keeping the case in this district. Sprint Nextel also claims that Nextel managed the software installations predominately from its Northern Virginia facilities, noting that Quantum has failed to rebut that assertion. Sprint Nextel argues that California law is irrelevant to this case, as the relevant underlying facts occurred in Virginia.

With regard to documents and records, Sprint Nextel reiterates that its operations are headquartered in Virginia, and that it maintains its physical records there. Sprint Nextel also asserts that the exhibits attached to the Strabala Declaration support Sprint Nextel's claim that the operative facts occurred in Virginia, that the majority of parties and witnesses are in Virginia, and that there is better access to proof in Virginia. Sprint Nextel refers to documents indicating that the software purchased by Nextel was billed to Nextel in McLean Virginia, and delivered to a Nextel employee with a Virginia phone number; to notices from Quantum demanding that Nextel remove illegal installations, which were addressed to a Nextel contracts administrator in McLean, Virginia, with carbon copies to Nextel employees in Herndon, McLean, and Reston, Virginia; and to letters sent by Nextel to Quantum, which were authored by and sent from a Nextel employee in Virginia.

Sprint Nextel also argues that Quantum omits a complete discussion of the elements of copyright infringement in order to ignore the importance of Virginia law. Sprint Nextel notes that when a license governs a defendant's use of copyrighted software, a plaintiff must prove ownership of a copyright in the software, and copying of the software by the defendant beyond the scope of the defendant's license. Sprint Nextel claims that Nextel's uses of the software in this case were expressly permitted under a written license agreement governed by Virginia law.

With regard to Quantum's offer to agree to a transfer to the Central District of California, Sprint Nextel contends that this offer further demonstrates that there will be no adverse impact on Quantum if the case were transferred from the Northern District of

8

California, and that no deference should be shown to Quantum's initial choice of forum.

With regard to Quantum's argument that the economic equities favor keeping the case in California, Sprint Nextel argues that transferring the case to Virginia would not cause Quantum an undue economic burden. Sprint Nextel argues that because the majority of parties, witnesses, and physical records are located in Virginia, it would not be unduly burdensome for Quantum to travel to Virginia, and notes that it might be necessary for Quantum to travel to Virginia to conduct discovery in any event. Sprint Nextel contends that the cost of bringing Quantum's two employees as witnesses to trial in Virginia would be minimal, and certainly less than it would cost for all the key Sprint Nextel witnesses to travel to California from Virginia.

With regard to Quantum's claim that it has extensive contacts with the state of California, Sprint Nextel argues that Quantum has had little, if any, contact with the Northern District of California, and reiterates that there is a substantial lack of nexus between the underlying facts of this case and the Northern District of California.

Sprint Nextel notes that it has identified five key witnesses (all of whom are also mentioned in Quantum's complaint) and claims that all five reside and work on the East Coast, and that at least four reside and/or work in Northern Virginia. Sprint Nextel argues that because Quantum itself identified these five witnesses in the complaint, and indicated their importance, it is not proper for it to now to object because Sprint Nextel did not state the expected substance of their testimony in this case.

The court finds that the motion must be GRANTED. Sprint Nextel argues, and Quantum does not disagree, that jurisdiction and venue are proper in the Eastern District of Virginia. Thus, the case "might have been brought" in that district. Quantum argues, and Sprint Nextel does not disagree, that jurisdiction and venue are proper in the Northern District of California. Thus, this court can exercise discretion to retain the case or to transfer it.

Quantum's principal argument is that the court should defer to its choice of forum, and that Sprint Nextel has failed to establish that the other factors favor transfer.

On a § 1404(a) motion, a plaintiff's choice of forum is ordinarily accorded substantial weight, Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947), and a court will not transfer a case unless the "convenience" and "justice" factors tip strongly in favor of the transfer. Florens Container v. Cho Yang Shipping, 245 F.Supp. 2d 1086, 1092 (N.D. Cal. 2002); see also Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257 (1981); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).  In addition, the deference accorded to a plaintiff's chosen forum must be balanced against both the extent of a defendant's contacts with the chosen forum and a plaintiff's contacts, including those relating to a plaintiff's cause of action.  Pacific Car and Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968).  "If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, [a] plaintiff's choice is only entitled to minimal consideration."  Id.

      Here, Quantum's choice of forum is the Northern District of California.  The question is whether this district has any significant contact with the activities alleged in the complaint.  Quantum resides in California and has always resided here – though it resides in Costa Mesa, which is located in the Central District of California, not the Northern District.  Nextel was located in the Northern District at the time that Quantum first made contact with it, but Sprint Nextel resides in Virginia now.  Jon Strabala claims in his declaration that the contract between Quantum and Nextel was formed and executed in California, while Sprint Nextel claims that it was executed, at least, in Virginia, and cites to the exhibits to Strabala's declaration to show that Quantum was corresponding with Nextel in Virginia at the time the parties executed the agreement.

      The parties refer to "internal installation of software" but it is not clear from the papers whether there was an actual physical location for this installation of software, or whether it was all done electronically, directed from Nextel's operation in Virginia.  At the hearing, counsel for Sprint Nextel stated that after Quantum provided the source code to Nextel, the installation was electronic.  The only individuals alleged to have been involved in the wrongdoing appear to have been located in Virginia at the time.  Thus, it appears that

10

the Northern District of California has no strong connection with the events alleged in the complaint, and the court gives little weight to Quantum's choice of forum.

With regard to the convenience of the parties, this district is convenient for Quantum, and the Eastern District of Virginia is convenient for Sprint Nextel. Transferring the case would simply shift the inconvenience. Section 1404(a) provides for transfer to a more convenient forum, "not to a forum likely to prove equally convenient or inconvenient." Van Dusen v. Barrack, 376 U.S. 612, 646 (1964). A transfer should not be granted "if the effect is simply to shift the inconvenience to the party resisting the transfer." Id. Thus, this factor does not favor transfer.

With regard to the convenience of witnesses, it is Sprint Nextel's burden, as the moving party, to show that litigating the case in this district would be inconvenient for the witnesses, and that transfer to Virginia would be convenient. The general rule is that if the transfer is for the convenience of witnesses, the defendant must name the witnesses it wishes to call, the anticipated areas of their testimony and its relevance, and the reasons why the present forum would present a hardship to them. See, e.g., Bohara v. Backus Hosp. Med. Benefit Plan, 390 F.Supp. 2d 957, 963 (C.D. Cal. 2005) (citations omitted); see also Steelcase, Inc. v. Haworth, 41 U.S.P.Q.2d 1468, 1470 (C.D. Cal. 1996). This determination, however, is not solely focused on the number of witnesses in each location, but rather on "the materiality and importance of the anticipated witnesses' testimony" and then on their convenience to the forum. Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1335-36 (9th Cir. 1984).

Here, Sprint Nextel lists as potential witnesses five individuals (Thomas Smith, Doug Smith, Stephen Thomas, Donovan Mitchell, and Chris Janicki) who are named in the complaint as Nextel employees involved in the alleged infringement and misappropriation, four of whom are still employed by Sprint Nextel. Sprint Nextel provides evidence showing that according to its personnel records, three of those potential witnesses reside in Virginia, one resides in Maryland, and one resides in Massachusetts. Sprint Nextel argues that it would be inconvenient for them to travel to California for the trial.

However, Sprint Nextel says nothing about the content of the witnesses' expected testimony, provides no details regarding why it would be a hardship for them to come to California, and lists no other witnesses besides the individuals identified in the complaint. On the other hand, Quantum says nothing about its own potential witnesses and offers no representation that the individuals named in the complaint would <u>not</u> be called as witnesses at trial.

This factor slightly favors transfer, despite Sprint Nextel's failure to articulate why the testimony of these witnesses is essential to the case, or to show why it would be inconvenient for them to travel to California for a trial. The fact that these five individuals are identified in the complaint as having participated in the alleged unlawful replication of software and use of software keys strongly supports a finding that their testimony will prove essential to Quantum's case. All five witnesses are located on the East Coast, and neither side has identified any witnesses located on the West Coast. Obvious hardship factors would include travel expenses and time away from work.

With regard to the question of access to proof – the location of documents and other physical evidence – Sprint Nextel has made an adequate showing that the relevant records are located at its headquarters in Virginia. Where a motion to transfer is based on the location of records and documents, the moving party must show particularly the location, difficulty of transportation, and the importance of such records. <u>Bohara</u>, 390 F.Supp. 2d at 963. Sprint Nextel asserts that the majority of physical records that may exist concerning Nextel's management of the installations of the Quantum software would be maintained at Sprint Nextel's Virginia network engineering facilities. The court finds that Sprint Nextel has met its burden of showing that any essential documents are located at its Virginia facility. This factor is neutral, however, as Sprint Nextel has not established the difficulty of transporting the documents to California.

Most of the remaining factors slightly favor transfer. With regard to the relative congestion of dockets, it is true that the judges in the Northern District of California have more cases per capita than the judges in the Eastern District of Virginia, and that the

12

amount of time from filing to disposition is shorter in the Eastern District of Virginia than in this district.

With regard to the familiarity with the governing law, this factor is applicable only with regard to Sprint Nextel's affirmative defense, the substance of which involves an interpretation of the license agreement, which is governed by Virginia law. However, the issue raised in that affirmative defense appears to be significant, with regard to the question of Sprint Nextel's use of the licensed software in multiple internal locations.

With regard to the selection of jurors from the community with an interest in the litigation, the question of the enforceability of any judgment, the court finds that those factors also slightly favor transfer. In addition to seeking damages (which plaintiff should not have trouble collecting from anywhere), the complaint also seeks injunctive relief and an accounting. It would be marginally easier for a Virginia court to oversee that type of relief against Sprint Nextel than for this court.

The only factor that conclusively falls on the side of denying the motion is the comparative equities of size.

## CONCLUSION

In accordance with the foregoing, the court GRANTS the motion, and TRANSFERS this case to the Eastern District of Virginia. In the absence of a nexus with this district, the court gives little weight to Quantum's choice of forum. Neither side has made a convincing argument for transferring the case to the Central District of California, and the court finds no compelling reason for the case to continue in this district. Moreover, the convenience of witnesses, the relative congestion of dockets, the familiarity with governing law, and the ease of enforceability of any judgment all favor transfer to the Eastern District of Virginia.

**IT IS SO ORDERED.**

Dated: February 16, 2006.

_____
PHYLLIS J. HAMILTON
United States District Judge

13